Consider this case independent of the contract, and the justice of it would be that the complainant should be entitled to the value of the land — that is, the amount it sold for. But, viewing it under the contract made with the commissioners and the law arising thereon, I think he is entitled to nothing. The complainant is not to be viewed in the light of an oppressed man; he had it in his power either to keep the land or sell it; he was not bound to take for it what the commissioners offered him, unless he had determined to have a town located there at any price they might value the land at, however low; if this was the fact, he had in view a greater benefit to himself than the difference in price between what he got for the land and what it sold for. It is (305) clear, if the land had sold for less than was given for it, the county could have had no deduction made from the sum contracted to be given. Any ex parte considerations or conclusions which the commissioners had or might have come to would have been urged in vain in support of such a claim, and rightly too. The contract was the rule to go by; when the commissioners executed that their agency was at an end.
If the price paid for the land by complainant on which the town was located was a great one on account of the courthouse being situated thereon, this Court cannot take that circumstance into consideration, because it must have been, or might have been, known to complainant when he purchased that the county had a right to remove it.
I do not doubt about the propriety of dismissing the bill.